IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KEVIN GENE SHROYER,            )
                               )
    Plaintiff,                 )
                               )
    v.                         )    Civil Action No. 05-213 Erie
                               )
BRIAN O'BAKER, PENNSYLVANIA    )
BOARD OF PROBATION AND PAROLE, )
                               )
    Defendants.                )

**ORDER**

This matter has been referred to United States Magistrate Judge Susan Paradise Baxter in accordance with the Magistrates Act, 28 U.S.C. §§ 636 (b)(1)(A) and (B), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On January 9, 2006, the magistrate judge issued an Order to Show Cause, ordering Plaintiff to show cause by January 26, 2006 for his failure to serve Defendants. (Doc. 13) Plaintiff failed to respond to the Court's Order to Show cause by January 26, 2006. Accordingly, on January 30, 2006, the magistrate judge issued a report and recommendation (Doc. 14) filed on January 30, 2006, recommending that the instant civil rights action be dismissed for plaintiff's failure to prosecute. Plaintiff was allowed until February 16, 2006 to file any objections. Plaintiff did not file objections.

On February 2, 2006, Plaintiff did file a response to the Court's previous Order to Show Cause. (Doc. 15) In that pleading, Plaintiff explained that he had not yet served Defendants because he is a resident of Ohio and must travel to Pennsylvania to perform research and that he only recently learned the address of one of the Defendants. Neither of these reasons is sufficient explanation for the failure to serve Defendants and do not demonstrate good cause. Plaintiff is required to comply with the Federal Rules of Civil

Procedure and the Local Rules of the Western District of Pennsylvania, as well as orders of this court. Plaintiff cannot rely on his pro se status as an excuse for failure to follow orders of Court. "Filing a Complaint pro se does not exempt a plaintiff from pleading essential elements of his claim, nor does it excuse ignorance or lack of attention to the ordinary rules of civil procedure." Jones v. Omni Bank, 1998 WL 761869, *5 (E.D.Pa. 1998), citing McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993).

The Magistrate Judge recommendation to dismiss this action came after Plaintiff failed to comply with several Orders of Court. We agree with the Magistrate Judge that Plaintiff has thus far not diligently prosecuted this action. We agree with the Magistrate Judge that dismissal is appropriate. Our dismissal will be without prejudice.

After *de novo* review of the documents in the case, together with the report and recommendation, the following Order is entered:

AND NOW, to-wit, this 28th day of February, 2006, it is HEREBY ORDERED that this action is hereby dismissed without prejudice for Plaintiff's failure to prosecute. The report and recommendation of Magistrate Judge Baxter (Doc. 14) dated January 30, 2006, be and hereby is adopted as the Opinion of this Court.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: Kevin Gene Shroyer
26 Central Avenue
P.O. Box 181
Orwell, OH 44076

2